IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRED L. WILLIAMS                                                                                          PETITIONER
ADC #093355


V.                              CASE NO. 5:18-CV-00003-DPM-JTK


WENDY KELLEY, Director
Arkansas Department of Correction                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

## Procedural History

On October 1, 2014, Petitioner, Fred L. Williams, pleaded guilty in Drew County Circuit Court to being a felon in possession of a firearm. (DE 10-2) Petitioner was sentenced to fifteen (15) years imprisonment in the Arkansas Department of Correction. (DE # 10-3)

Petitioner filed a state habeas corpus petition on March 23, 2015, in Drew County Circuit Court, alleging that he was subjected to an illegal search; "said offense was product of fruit under the poisonous tree;" ineffective assistance of counsel; and "plea coerced and prejudiced rights of other family members property." (DE # 10-4) On April 2, 2015, the circuit court dismissed Petitioner's state petition, with prejudice, finding that the petition should have been filed in the

county where Petitioner is incarcerated. (DE # 10-6) Petitioner appealed the dismissal to the Arkansas Supreme Court, and on December 3, 2015, the decision of the trial court was affirmed. *See Williams v. State,* 2015 Ark. 448, 476 S.W.3d 154.

On or about January 15, 2016, the Petitioner filed his petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in Drew County Circuit Court. (DE # 10-10) The State responded to the petition stating that it should be dismissed as untimely. (DE # 10-11). Petitioner responded by filing a motion to amend his Rule 37 petition to a writ of error coram nobis; however, the trial court ultimately dismissed his Rule 37 petition as untimely and dismissed his coram nobis petition holding that Petitioner was improperly "attempting to couch his claims for ineffective assistance of counsel in a *Brady* violation claim." (DE # 10-14) Petitioner appealed the trial court's dismissal of his petition for writ of error coram nobis to the Arkansas Supreme Court. (DE # 10-15) On November 9, 2017, the Arkansas Supreme Court affirmed the denial of Petitioner's coram nobis petition. *See Williams v. State,* 2017 Ark. 313.

Petitioner filed his federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on January 5, 2018. (DE # 1) In his petition he alleged the following: (1) ineffective assistance of counsel for failing to (a) file a motion to suppress evidence, (b) investigate statements in affidavit for impeachment purposes, (c) argue non-compliance of affidavit and search warrant, (d) argue Fourth Amendment violation, and (e) file a motion to dismiss based on speedy trial violation; (2) that the state committed a *Brady* violation by withholding initial police statement witness of Varetta Butcher from the defense; (3) trial counsel was ineffective for failing to give proper advice regarding the elements of being a felon in possession of firearms; and (4) invalid warrant because it failed to give a description of the items seized. *Id.* On March 16, 2018, Respondent filed her Response to Petition for Writ of Habeas Corpus. (DE # 10) In her response, she argues that

3

Petitioner's petition should be denied because his claims are time barred and, in the alternative, are procedurally defaulted and meritless. *Id.* Petitioner subsequently filed a reply (DE # 11), supplement to his reply (DE # 12), and a supplemental amendment to his reply (DE # 13), wherein he reiterates the claims in his habeas petition and argues that his petition cannot be time barred or procedurally defaulted because he has no other remedy. Furthermore, Petitioner pleads for an extension of the statute of limitations based on a "gateway actual-innocence claim." (DE # 12, p. 1).

## Discussion

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C.A. 2244(d)(1). The statute starts running from the date on which the judgment became final. *Id.* In this case, the Petitioner's Sentencing Order was entered on October 1, 2014. Therefore, the Petitioner had through November 1, 2015, to timely file his application. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (holding the AEDPA's one-year limitation period begins to run from the date on which the thirty-day period in which to file an appeal expires, even for a criminal defendant who enters an unconditional guilty plea and generally has no right to appeal such plea).[1] Petitioner, however, did not file this petition until January 5, 2018, and therefore, the petition is untimely.

Petitioner argues that the one-year statute of limitations for filing his federal habeas petition was tolled by 28 U.S.C §2244(d)(2). The habeas statute provides for tolling while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1] On October 1, 2014, Petitioner signed a Plea Statement in which he acknowledged that he understood the rights he was giving up by entering his guilty plea. (DE #10-2) Furthermore, the Petitioner acknowledged within his statement that he had fully discussed all matters with his counsel and that he "freely, knowingly, and voluntarily plead guilty." *Id.*

4

judgment or claim is pending," however, section 2244(d)(2) does not offer any relief to Petitioner. Petitioner filed his state habeas corpus petition on March 23, 2015; however, the petition was dismissed for lack of jurisdiction, and therefore, was not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (explaining that an application erroneously accepted by the clerk that lacks jurisdiction is considered to be "pending" but not "properly filed.") Furthermore, Petitioner's Rule 37 and petition for writ of error coram nobis were both filed after the time to file his federal habeas corpus petition had expired and therefore did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2).

There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply. *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim). Nor is there any reason to believe that equitable tolling would be appropriate. In *Pace v. DiGuglielmo,* the United States Supreme Court held that a petitioner is entitled to equitable tolling only if he can prove: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. 544 U.S. 408, 418 (2005). Petitioner brought the current action more than two years after the limitations period had expired.

The Petitioner also has not presented any extraordinary circumstances beyond his control that made it impossible to file his petition on time. Furthermore, the Petitioner could have protected himself by using the "stay and abeyance" procedure for federal habeas petitions. Accordingly, the Court finds that Petitioner's petition is time-barred. The Court need not address Petitioner's actual innocence argument because the petition is time-barred and because he failed to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which

he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #1) be, and is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 30th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE